**No. 3765**

**Second Circuit**

——

**ANGELO v. JOHNS**

——

(March 24, 1930. Opinion and Decree.)

——

Cook & Cook, and C. D. Egan, of Shreveport, attorneys for plaintiff, appellant.

Frank A. Blanchard, of Shreveport, attorney for defendant, appellee.

WEBB, J. This action for damages arises out of a collision between motor vehicles. An automobile driven by plaintiff and an automobile owned by defendant and driven by one of his employees collided at the intersection of Marshall and Lake streets in the city of Shreveport. The cars entered the intersection on Marshall street, the automobile from the south and the motortruck from the north, plaintiff driving the automobile intending to cross the intersection, and the driver of the motortruck intending to turn to the left into Lake street.

Plaintiff alleged that the driver of the truck had made a short turn, or "cut the corner," passing north of the center of the intersection in violation of the traffic law, and that his negligence was the sole cause of the collision, which was denied by defendant, and plaintiff appeals from a judgment rejecting his demands.

There were three witnesses called by the parties who claimed to know something of the accident, plaintiff appearing in his own behalf, and the driver of the truck and a young man who was near the scene of the accident, on behalf of defendant, and their testimony is conflicting.

Plaintiff said that he was driving at a speed of from fifteen to eighteen miles per hour and that he did not see the truck until the moment of the collision, and, relative to the place on the intersection where the collision occurred, he said, at one time, that his car had almost reached a point north of the signal light, which is suspended over the center of the intersection, and, at another, that his car was near the northeast corner of the intersection; while the driver of the truck first stated that the collision occurred at a point on the intersection northeast of the signal light, and at another time that it occurred under the traffic light; and the evidence of the young man as to the place was to the same effect; however, both of the witnesses for defendant stated that the truck had not made a short turn, and that it had proceeded beyond the center of the intersection and that the driver of the truck had given the statutory signal before making the turn.

It is evident that the parties did not know exactly where the collision occurred and that their testimony was based upon impressions made after the accident occurred, and while the evidence shows that the collision occurred near the center of the intersection, we do not think it establishes that the collision occurred north of the center of the intersection; and although the evidence, considered as a whole, indicates that both of the drivers of the vehicles were inattentive, or their attention was directed to the signal light and not the traffic on or approaching the intersection, and that both may have been guilty of negligence in that respect, we do not think the evidence established that the driver of the truck made a short turn, or that the accident was due to his fault.

The judgment is therefore affirmed.